IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNIE HENRY KUGLAR, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0224-WS-C |
| | ) |
| ONE REVERSE MORTGAGE, L.L.C., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The plaintiff has filed a motion to dismiss this action without prejudice. (Doc. 43). Two of the defendants affirmatively request that the Court grant the motion. (Docs. 45, 46). The third defendant ("ORM") argues that dismissal should be with prejudice, because it would be "greatly prejudice[d]" were suit to be re-filed after it has removed this action and expended resources defending it. (Doc. 47). ORM cites no authority in support of its position.

The plaintiff's motion is made pursuant to Rule 41(a)(2). "[I]n most cases a dismissal [under Rule 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (emphasis and internal quotes omitted). "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id*. (internal quotes omitted). Binding precedent demonstrates that the range of legally significant prejudice is quite narrow. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258-59 (11th Cir. 2001) (pendency of a motion for summary judgment); *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986) (loss of a complete defense of the statute of limitations).

ORM objects that dismissal without prejudice would leave the plaintiff free to re-file in state court "and thereby take away this Court's jurisdiction for determining the proper forum." (Doc. 47 at 2). That is, ORM fears a re-filed suit might remain in, and be decided in, state court. This argument displays a rather remarkable lack of confidence in the defendants' own arguments in opposition to remand since, if those arguments are correct, the plaintiff could not defeat federal jurisdiction without gutting his own case. More importantly, however, "[t]he fact that [the defendant] faces the prospect of a trial in state court is ... insufficient to demonstrate legal prejudice." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). Indeed, "the overwhelming majority of cases that have considered the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant." *Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999). Since ORM offers no legal authority in support of its request, it has failed to effectively counter this authority.

ORM's only other identified prejudice is its incurrence of legal expenses. Such expenses do not establish "clear legal prejudice" but at best represent "practical prejudice," to be considered only in determining the conditions to be placed upon dismissal without prejudice. *Pontenberg*, 252 F.3d at 1258 n.4; *McCants*, 781 F.2d at 859. ORM has not requested that any condition be placed upon dismissal without prejudice (such as a full or partial reimbursement of ORM's legal fees); instead, it has requested only that dismissal without prejudice be denied. Under binding precedent, dismissal without prejudice cannot be denied on such grounds.

For the reasons set forth above, the plaintiff's motion to dismiss is **granted**. This action is **dismissed without prejudice**.

DONE and ORDERED this 23rd day of October, 2014.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE